## PETER FRAME

*v.*

## B. M. AUGUST & SON.

1. STATUTE OF FRAUDS—*promise to pay the debt of another.* A promise by the assignee of a note taken for collection, to pay the debt of the assignor, not in writing, and without any consideration, and without any contract between him and the assignor, is within the Statute of Frauds and not binding.

2. To make a promise of a party to pay the debt of another binding, it must be in writing and founded upon a consideration passing from the promisee, or based upon a contract between the promisor and the original debtor.

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

This was a suit originally brought before a justice of the peace, by B. M. August & Son, against Peter Frame and John Frame. On the trial in the circuit court, the suit was dismissed as to John Frame, and judgment rendered in favor of the plaintiffs, against Peter Frame, on his verbal promise to pay the debt of John Frame.

Messrs. WARREN & WHITE, for the appellant.

Mr. JOHN G. HENDERSON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court

We are unable to discover any tenable ground upon which the present judgment can be maintained. It appears John Frame was indebted to plaintiffs on a promissory note. Some three or four months after the date of the note, plaintiffs, or one of them, ascertained that their debtor, who was not considered responsible, had had a note on Jonathan Young, but which he had previously assigned to defendant for collection, and an attempt was made to get defendant to indorse John Frame's note to plaintiffs. Defendant refused to indorse the note, but said he would pay it or see it paid. That promise was clearly within the Statute of Frauds, and is not enforceable against defendant. It was not reduced to writing, nor was there any consideration passing from plaintiffs or any one else to defendant to support such promise, both of which were indispensable to bind defendant.

Nor can the other theory of the case be maintained. There is not a particle of evidence of any contract between John Frame and defendant, by which the latter, for any consideration, agreed with the former to pay his debt to plaintiffs, upon which plaintiffs could maintain an action. According to plaintiffs' testimony, defendant expressly refused to obligate himself in writing to pay John Frame's debt to them, but verbally promised to do so. Other witnesses testify to the same thing and nothing more. Such a promise is within the Statute of Frauds and is voidable at the election of defendant.

The judgment will be reversed and cause remanded.

*Judgment reversed.*